**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 10-24582-Civ-COOKE/BANDSTRA**

GLORIA RODRIGUEZ,

      Plaintiff

vs.

CARNIVAL CORPORATION,

      Defendant.

_____/

## ORDER GRANTING CARNIVAL CORPORATION'S
## MOTION TO DISMISS COMPLAINT

THIS MATTER is before me on Defendant, Carnival Corporation's, Motion to Dismiss Complaint for Failure to Allege Subject Matter Jurisdiction. (ECF No. 4). Plaintiff has not filed an opposition to this motion.

### I. BACKGROUND

Defendant states that Plaintiff's Complaint fails to adequately plead subject matter jurisdiction. Although the Complaint does not explicitly state the basis for this Court's subject matter jurisdiction, it appears that Plaintiff, who is represented by counsel, alleges that this Court has jurisdiction on the basis of diversity of citizenship. Indeed, the Civil Cover Sheet filed along with the Plaintiff's Complaint indicates that diversity is the basis for jurisdiction.

### II. LEGAL STANDARDS

A district court is powerless to hear a matter where subject matter jurisdiction is lacking. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005) (noting that lower federal courts are courts of limited jurisdiction) (citing to *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)). A plaintiff bears the burden of establishing subject matter jurisdiction. *Sweet Pea Marine, Ltd., v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005).

A defendant bringing a motion to dismiss under Fed. R. Civ. P. 12(b)(1) may assert a "facial attack" to jurisdiction whereupon the court will look to the complaint to determine whether the plaintiff has sufficiently alleged subject matter jurisdiction. *Lawrence v. Dumbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion – the court must consider the allegations of the complaint to be true." *Id.* at 1529.

### III. ANALYSIS

A district court has original jurisdiction over a civil action where the matter in controversy exceeds $75,000 and is between (1) citizens of different states or (2) citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a). A corporation is deemed a citizen of any state in which it is incorporated or has a principal place of business. 28 U.S.C. § 1332(c)(1).

In relevant part, the Complaint alleged the following facts: (i) Plaintiff is a resident of Florida; (ii) Defendant is a "Panamanian corporation, doing business as Carnival Cruise Lines, [that] is and has at all times material hereto licensed to do business in the State of Florida"; and (iii) "this is an action for damages in excess of Fifteen Thousand ($15,000) Dollars."

Even taking the allegations of the complaint to be true, Plaintiff's Complaint does not adequately plead the requisite matter in controversy or citizenship requirements for diversity jurisdiction. Plaintiff's Complaint must therefore be dismissed.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. The Defendant, Carnival Corporation's, Motion to Dismiss Complaint for Failure to Allege Subject Matter Jurisdiction (ECF No. 4) is **GRANTED**.

2. The Plaintiff's Complaint for Damages (ECF No. 1) is **DISMISSED** for lack of subject matter jurisdiction.

3. The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** in chambers at Miami, Florida, this 28th day of February 2011.

_Marcia G. Cooke_

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*